UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

MICHAEL COLEMAN,
　　　　　*Defendant-Appellant.*

No. 00-4488

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-99-337)

Submitted: March 30, 2001

Decided: April 24, 2001

Before NIEMEYER, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Morchower, MORCHOWER, LUXTON & WHALEY, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, LeDora Knight, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Geral Coleman appeals his conviction and sentence after trial by jury to 188 months imprisonment and five years supervised release for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West Supp. 2000). On appeal, Coleman claims: (1) that the evidence presented at trial was insufficient to support his involvement in the conspiracy; (2) that evidence of his participation was improperly admitted; and (3) that his conviction and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

A review of the briefs and materials supplied in the joint appendix indicates that the evidence adduced at trial was sufficient to support Coleman's involvement in the conspiracy. The gravamen of Coleman's claims rests with the fact that much of the evidence adduced at trial addressed acts of juvenile delinquency which could not serve as the basis for his conviction as an adult. *See* 18 U.S.C.A. §§ 5031-42 (West 2000); *United States v. Spoone*, 741 F.2d 680, 687 (4th Cir. 1984). Coleman claims that the evidence presented at trial indicated he withdrew from the conspiracy as a minor, and that any evidence of his continued distribution of cocaine base could only show participation in a separate, subsequent conspiracy.

While the evidence presented at trial demonstrated that there may have been two separate, successive conspiracies, the first of which, organized by Jeffrey Williams, ended shortly after Coleman's eighteenth birthday, there was sufficient evidence to implicate Coleman as a participant in the former conspiracy. A member of the Williams conspiracy indicated that Coleman made at least one purchase of cocaine base from that distribution ring after his eighteenth birthday. Accordingly, because the testimony of a defendant's accomplices, standing alone and uncorroborated, may provide an adequate basis for conviction, *United States v. Burns*, 990 F.2d 1426, 1439 (4th Cir. 1993), and a jury's credibility determinations are not reviewable on appeal, *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997), this testimony is sufficient to link Coleman to the conspiracy he entered into as a minor. *See Spoone*, 741 F.2d at 687.

Moreover, because the Government presented evidence linking Coleman to a conspiracy as an adult, the jury was entitled to assess such testimony in light of other evidence indicating the level and nature of Coleman's involvement in that conspiracy. *Spoone*, 741 F.2d at 687. Consequently, testimony at trial by co-conspirators and witnesses of Coleman's participation in the Williams conspiracy as a juvenile was properly admitted for that purpose. *Id.* To the extent that Coleman alleges the district court erred in admitting various forms of that evidence, our careful review of those claims indicates that they are without merit.

Finally, Coleman's sentence fails to implicate *Apprendi*, as the district court's factfinding as to the drug quantity involved did not enhance Coleman's penalty beyond the statutory maximum of 240 months in 21 U.S.C. § 841(b), the underlying substantive statute at issue here. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000); *see also United States v. White*, ___ F.3d ___, 2001 WL 87453 (4th Cir. 2001) (summarizing decisions supporting the proposition that the maximum statutory term of imprisonment for each count of conviction under § 841(b)(1)(C) is 240 months).

Accordingly, we grant Coleman's motions to file an oversized brief out of time, and affirm Coleman's conviction and sentence for the foregoing reasons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*